## ELBERT JONES v. THE STATE.

No. 15730. Delivered March 29, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 154.

The opinion states the case.

*E. A. Watson,* of Crosbyton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

The state's testimony is in substance as follows: The sheriff and two other persons, while riding in an automobile upon the public highway after dark, met an automobile in which the appellant and several companions were riding. The appellant was driving the car. The officer saw the appellant throw something out of the car which the officer took to be a jar. The appellant's car was pursued and forced into the ditch. Upon reaching the car there was found a jar, out of which whisky had

been poured. The officer poured some whisky from the jar, smelled the odor of it, and also tasted it. He testified that it was whisky. Some of the parties who were in the sheriff's car returned to the place where the object had been thrown from the car and recovered a half-gallon jar full of whisky.

The appellant did not testify but introduced evidence to the effect that the car in question belonged to a man by the name of Bilberry. He also introduced the witness Allisson who was one of the parties in the sheriff's car at the time of the incident. Allisson testified that he did not see anything thrown from the car. He also testified that upon searching the car a half-gallon fruit jar was found therein. After the car was stopped, he went back some little distance and found a half-gallon jar full of whisky.

Save the sufficiency of the evidence, no legal questions are presented by the record, and no irregularities have been discovered.

No error was committed in refusing to instruct a verdict of acquittal.

The law of circumstantial evidence was submitted to the jury.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion it was inadvertently stated that appellant was driving the car. In fact, Morrison was driving. Appellant was sitting to his right, or as some of the witnesses said, on the "outside." The sheriff saw appellant throw out of the car some object which he took to be a fruit jar. About fifty yards farther on, the car appellant was in was forced into the ditch. The upholstery on the car was wet with whisky, and it was dripping from the running board. The sheriff handed one of the parties who was with him a flashlight and sent them back, telling them where to look for the object he had seen appellant throw out. At that point a jar of whisky was found. One of the parties with the sheriff testified that before the car was forced into the ditch he saw appellant with something in his hand holding it outside the car as though "he was trying to get the top off or trying to pour something out."

There is no evidence. in the record indicating appellant's innocent connection with the whisky. The state's evidence is sufficient upon which to predicate the conclusion of appellant's

guilty knowledge of its presence and participation in its transportation.

The motion for rehearing is overruled.

*Overruled.*